IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS RUSSELL HOOPER,

       Plaintiff,

1:12-cv-1798-PA

v.

**ORDER**

OREGON PARALYZED VETERANS OF AMERICA,

       Defendant.

**PANNER, District Judge:**

*Pro se* plaintiff Dennis Russell Hooper seeks leave to proceed *in forma pauperis* (IFP). The Court, pursuant to 28 U.S.C. § 1915(e)(2), must screen applications to proceed IFP and dismiss any case that is fivolous or malicious, or fails to state a claim on which relief may be granted. Hooper brings claims of "Due Process, US [sic] fourth and 14th Amendment," alleging:

> Defendant curtailed and diminished Plainitff's full membership status in Plainiff's charitable organization and imposed sanctions and/or punishment regarding said membership without offering full due process of law. Plaintiff was denied the full access to due process during defendant's investigation and punishment phase. Plaintiff was denied access to all evidence and witnesses to which defendant regarded to assess Plaintiff's membership status. Plaintiff was unjustly scrutinized and reprimanded without basis or foundation.

(Compl., 3.)

1 - ORDER

Plaintiff alleges the claim presents a federal question. I construe plaintiff's claim as a claim under 28 U.S.C. § 1983. "To state a claim under § 1983, the plaintiff must allege a violation of his constitutional rights and show that the defendant's actions were taken under color of state law." Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001). Plaintiff bears the burden of establishing that the defendant is a state actor. Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011).

Plaintiff's claim appears to arise from internal disciplinary proceedings brought by a charitable organization plaintiff is, or used to be, a part of. Although I must view plaintiff's factual allegations liberally, giving plaintiff every benefit of the doubt, plaintiff fails to state a claim because plaintiff cannot meet his burden of demonstrating the defendant charitable organization's actions were taken under color of state law. A charitable organization is simply not a state actor. Because amendment would be futile, the dismissal is with prejudice.

IT IS SO ORDERED.

DATED this 25 day of October, 2012.

OWEN M. PANNER
U.S. DISTRICT JUDGE